## Stuart, Appellant, v. Barry.

*Building and loan associations—Usurious mortgage—Conflict of laws—Usury—Interest—Assignment of stock.*

Where a building and loan association incorporated under the laws of Virginia, but domiciled and transacting all its business in the District of Columbia takes a mortgage from a member, payable in the District of Columbia, the Pennsylvania courts will construe the contract according to the laws of the District of Columbia, although the mortgage itself provided that it shall be construed according to the laws of Virginia. If such a mortgage is invalid under the usury laws of the District of Columbia, it will not be enforced by a Pennsylvania court, although the mortgage is valid under the laws of Virginia.

Where a member of a building and loan association, on borrowing money from the association, assigns his stock to the association absolutely, and not as collateral, he ceases to be a member, and any payments subsequently made by him must be applied to the payment of the mortgage and the interest thereon. If such payments amount to the mortgage and interest, the borrower cannot be required to make further payments, although the mortgage recited that the money was advanced to "redeem" the stock.

Argued March 1, 1915. Appeal, No. 20, March T., 1915, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1910, No. 84, for defendants on case tried by the court without a jury in suit of Douglass Stuart and Josiah C. Stoddard, Receivers of the Washington National Building and Loan Association of Washington, D. C., v. Theodore Barry.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

*James L. Morris*, for appellants.

*Thomas F. Farrell,* with him *John R. Halsey,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

We have this day handed down an opinion in the case of the receivers of the Stoddard v. Thomas, 60 Pa. Superior Ct. 177, in which we have decided that under the evidence as produced in that case there are two reasons why the plaintiff should not recover. The first is that the association has its actual domicile in the District of Columbia and that under the laws of said district, the association can recover only the principal of the loan and the interest thereon and second that there having been an absolute assignment of stock by the borrower to the association at the time the loan was made, he ceased thereupon to be a member of the association and the relation of the parties thereafter was merely that of debtor and creditor. The opinion of the learned trial judge on the motion for judgment n. o. v. bases the entering of judgment contrary to the verdict on the second proposition above set forth. He finds the stock has been absolutely assigned by the borrower and that under the laws of the State of Virginia, the contract is usurious and nothing can be recovered thereon excepting the amount of the principal and legal interest. We have already discussed this phase of the question in the case of Association against Thomas above referred to q. v.

Judgment is affirmed. Appellants for costs.